My name is John Devaney and I'm here today on behalf of the Attorney General. Counsel, I'm sure you listened with interest to the discussion in the last case. Do you take the same position as your colleague that you would just as soon have this remanded to the BIA under these circumstances? Well, actually, I feel that our case is factually distinguishable from the other case in that there was never any attempt by petitioners in this case to file, to seek any kind of continuance or abeyance or reopening. But they had in their brief the facts about their applying for a U-Visa and the BIA just somehow didn't say anything. They state generally that they're eligible for U-Visa relief in their opinion, but there's never a request to put the proceedings in abeyance or there's never a request for any action on the part of the board. Well, they moved to submit the evidence regarding this to the board, and I don't think the board ever ruled on it. It indicates in their brief that they sent the evidence in this case to the immigration judge, but that was after their hearings in front of the immigration judge. I thought they moved to submit the additional evidence to the BIA. Okay. Sorry, Dr. Archer, I don't know where you're looking. Well, let's see if we can find the motion. Well, I think the issue is whether or not they submit the evidence in this case of the conduct underlying their request for U-Visa relief. It still does not consist of a request by the BIA to engage in any sort of action in their case. As far as the BIA knows, they were merely stating that they were pursuing relief in other venues with CIS. I mean, in order for the board to do anything, they have to be given a request for a continuous – Well, if the board didn't rule on their motion to adopt the evidence, to accept the evidence, which I believe is correct. I'm not certain that motion was ever made. It's right here. I mean, I have the brief to the board, which states general – Yeah, the brief is entirely devoted to this issue, and the board rules entirely on a different issue. Well, if we're talking about the brief in front of the board, there's actually – they challenge the cancellation of removal issue as well. But that issue isn't in front of this court as it was waived in their opening brief. I think the whole problem is that nobody knew what to do with this U-Visa, and we're just kind of now coming to grips with it. And I suspect that the BIA would handle it differently today. They wouldn't ignore the issue. That is certainly a possibility. However, I think for a petitioner to be eligible for any kind of rehearing or anything like that from the board, they had to have requested that relief at some point. For it to come out now, I would say it's too late in the process. And as my colleague mentioned, there is nothing keeping petitioner after this order of removal, which is a separate issue, is issued from them getting U-Visa relief and then testifying at that point. What I'm saying is that it doesn't have to interfere with the current case. Well, in the meantime, they might get deported. That is entirely possible, but that does not keep them from – the U-Visa relief is through CS, which is entirely separate from this removal order, which is why I would argue that it's still appropriate in this case for the board, because it lacks jurisdiction over the U-Visa issue and the hardship issue, to deny the petition for review in this case. Well, the motion for admission was dated August 8, 2005, for admission of the evidence. I believe that was when the case was before the board. Nobody ever ruled on that motion. In the brief before the board, the petitioner state, on August 8, 2005, by motion, respondents requested to the immigration court the admission of the U-Visa application as additional relevant evidence for that case. No one ruled on that motion. That was – by the time they'd filed that motion, the appeal was pending with the board, and the board – I think the board decision was in November. So that was shortly before the board decision, and was not – I don't think the motion was ever presented to the board, or if it was, they never – they don't indicate it in their brief. Is it the government's position that they'd rather deport these people and then make them try to process their U-Visas from outside the United States? Is that – that's what's going on? I think it's the government's position that at least in this individual case, we have an order of removal on a separate issue, which is valid, and we have this U-Visa claim, which is separate and outside of the removal proceedings, and as such, can be handled. But if the option existed, if the U-Visa had been adjudicated before the removal order, or before the removal order became final, DHS has the authority to, you know, engage in – defer and cancel or delay the removal order. But in this case, that didn't happen, and as they're separate forms of relief, I don't think it's – Well, do you think now that the regulations have come out and everybody knows what they should do, that the government would join in a motion to terminate the removal proceedings while the U-Visa is processed? I'm not certain. As you say, this is new. I'm not certain that it's the government's position. I would concur with my colleague that we would prefer the board to rule on the issue rather than this court. However, I maintain that this case is factually distinguishable and that alien – the alien petitioners in this case never made any attempt for any kind of relief from the board to delay their proceedings while the U-Visa was adjudicated. Well, what do you think the purpose of their devoting their brief largely to that issue was? I can't speak to their purpose. Perhaps it was to make the court aware, but still, there should be some base requirement that relief must at least be suggested. There's nothing there to say, please delay our case even. Even if we're talking about nothing as sophisticated as an actual motion, there should at least be maybe a sentence saying for this reason our case should be delayed or please don't rule on our case until this is finished, but there's – none of that is present anywhere in the motion. The basis is that although the argument is made fully in the brief, they didn't in the last line say for this reason we want you to stay or we want you to continue. They left it up to the board to decide what form of relief should be granted. Well, to be honest, the way I read this argument is it's simply arguing their own – what they consider to be their own eligibility for the U-Visa. As far as we know, they mistakenly thought that the board was able to grant such relief, and they were making an argument for relief on U-Visa basis rather than – Well, that's a fairly reasonable construction of what they were arguing, but isn't it equally reasonable under just a ton of our cases that the BIA dished up with that kind of a statement would normally say, well, no, it's not up to us to decide your eligibility. But we can construe it as a request for continuance and then deal with that, up or down. I have no idea about what the BIA wants to deal with these cases. It's certain that – certainly they could have. They did not. It's uncertain why. I mean, I just maintain that there was absolutely no hint of a request for any kind of delaying relief, and as Your Honor has conceded, it's entirely a reasonable construction of the argument that what the BIA thought they were dealing with there – Yeah, but then, of course, the BIA just – as Judge Reinhart said, you're going to end up with a due process violation if the BIA just ignored it. So the BIA didn't say what I just said. It didn't say, you know, eligibility determinations are none of our business. We lack jurisdiction. We lack authority to deal with eligibility decisions. Go talk to ICE. Go talk to CIS in Vermont. The BIA did not say that. Had it said it, you wouldn't be – nobody would be in this pickle, which is silent record. Well, if Your Honor would permit, I would like to address the due process point you were making, considering it's important. You know, in this case, in Torres Aguilar, when they're talking about what constitutes a kind of due process violation, they mention full and fair hearing, impartial adjudication, and protection from invidious discrimination. Now, I would argue there was nothing for the BIA to hear here, because as I said, no request was made for any sort of relief. So they didn't ignore anything. If Petitioner had said, clearly, I desire this kind of relief, case put in abeyance, something like that, then we would have a due process issue. But in this case – Why do you think that they talked about this in their brief? Well, as I mentioned before, it's entirely possible that they believed that the board was capable of granting you visa relief. But if Judge Reimer was trying to say that if they made that argument, as even taking it your way, they made that argument as a basis for their appeal, and you didn't rule on the argument, aren't you supposed to reject their argument? They say, we want an appeal. We want you to grant us relief for this reason. We want you to reverse the IJ. Suppose that was their argument, the way you read it. And then the board failed to rule on it. Well, I would like to say that it was never my contention that that was, for sure, their argument. I'm saying it is possible. It's most of their brief. It's either a basis for just reversing the IJ, or it's a request for a continuance, or it's a stay. But taking it, you gave the most likely argument, in your view, was they were saying, we're appealing on this basis, we're entitled to a reversal on this basis, or we're entitled to a U visa. Whatever it is, it's clearly the basis of their brief, and you never mention it as a decision. All we know for sure is they stated what they believed was eligibility for a certain kind of relief. Well, then you should say that's not a basis for relief, for reversal of the IJ. They could have just said, we have no jurisdiction to deal with this. They said nothing. The board, I'll concede that they could have handled it better, but I don't think the way they handled it was... Well, that's not the question, whether they could have handled it better. That's ordinarily true. But that's not the question. The question is, did they rule on the appeal? Did they rule on an issue raised in the appeal, or did they just ignore it? It looks from their ruling as if they just decided to totally ignore the major portion of the brief, however you construe it. Well, I would just repeat that my contention is that it was so vague and there was nothing given, they had nothing to rule on. Well, they could even have said that. We have read the brief. We don't understand it. We think it's incomprehensible. And for that reason, we refuse to reverse on that basis. They could have said that. I think their silence on the issue could just as well convey that point. So you'd like us to decide this case, unlike your colleague, and say how the board ought to handle U visa cases. I think I stated earlier that I would concur in her position that I would prefer to have, or the government would prefer to have the issue decided by the BIA with their expertise in the issue and where that is appropriate. However, for the reasons I've stated, I don't think that is necessary in this case. If the court feels that that is the case, then please remand to the BIA. However, I think that in this particular case, it's unnecessary for us to make that choice. Thank you, counsel. Counsel, the court is of the view that there's really no particular purpose to hearing from you. If you enjoy being here and you have something you must tell us. Thank you. Case just argued will be submitted.
judges: Fletcher, Reinhardt, Rymer